THE STATE OF SOUTH CAROLINA

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Stephenson W. James, Respondent,
v.
Ernestine James, Appellant.
 
 
 

Appeal From Berkeley County
 Wayne M. Creech, Family Court Judge

Unpublished Opinion No. 2006-UP-395
Heard October 12, 2006  Filed December 6, 2006

REVERSED AND REMANDED

 
 
 
Deena Smith McRackan, of Charleston, for Appellant.
Deborah Kay Lewis, of Charleston, for Respondent.
 
 
 

PER CURIAM: Ernestine James (Wife) appeals the family courts order reducing her alimony from $750 per month to $300 per month.  She also argues the family court erred in failing to require Stephenson W. James (Husband) to make his future support payments by wage withholding.  We reverse and remand.
FACTS
Husband and Wife separated after twenty-five years of marriage. Although Wife sought a divorce on the grounds of adultery, the family court found she had not proven Husband committed adultery and granted a divorce on other grounds.  At the time of the divorce, which occurred in 2001, Wife had two jobs: during the day, she worked as a greeter at Wal-Mart, and at night, she worked as a janitor.  Husband, who retired from a full career in the military, worked full-time during his retirement as a team leader at Dentyns Shipyards. 
Husbands financial declaration reflected a monthly income of only $2,401, although the family court recognized that he made approximately $2,580 per month in 1998, $2,740 per month in 1999, and averaged over $3,700 per month for the first five months of 2000.  In contrast, Wifes gross monthly income was merely $1,618. The family court ordered Husband to pay Wife alimony in the amount of $750, noting that once the marital home sold, Husband would be relieved of his obligation to pay the $1,100 monthly mortgage.  Wife was also awarded 42.5 percent of Husbands military retirement benefits.  
Four years after alimony was awarded, Husband brought this action seeking a reduction or termination in alimony because his monthly income had been reduced to $2,873.  Wife answered the complaint, and by way of counterclaim, requested Husbands future alimony payments be paid through wage withholding.  A hearing was held on the matter, at which Husband testified that he no longer received an hourly wage and overtime at Dentyns, but instead, received a flat monthly salary of $2,873.[1]  Husband also argued that Wifes monthly income had increased to $2,082.  Wife admitted that her income had increased because she was now able to work full-time at Wal-Mart.  However, she pointed out that Husbands expenses had significantly decreased since the last hearing because he had remarried and was living rent-free in a home owned by his new wife. 
The family court found Husband met his burden of proving a substantial change in circumstances to warrant a reduction in alimony. Accordingly, the court reduced Husbands obligation to $300 per month and denied Wifes request for wage withholding.  Wife filed a Rule 59(e) motion, and Husband filed a return in which he asked for attorneys fees and costs for defending the motion for reconsideration.  The family court denied Wifes motion for reconsideration and ordered her to pay Husband $750 for attorneys fees he incurred defending the motion.  This appeal followed.[2]
STANDARD OF REVIEW
Questions concerning alimony rest with the sound discretion of the trial court, whose conclusions will not be disturbed absent a showing of abuse of discretion.  Kelley v. Kelley, 324 S.C. 481, 485, 477 S.E.2d 727, 729 (Ct. App. 1996).  An abuse of discretion occurs when the court is controlled by some error of law or where the order, based upon findings of fact, is without evidentiary support.  Id.
LAW/ANALYSIS
Wife argues the family court erred in reducing her alimony from $750 per month to $300 per month.  We agree.
It is well-settled that ex-spouses may seek modification of alimony based on an unanticipated substantial or material change of either spouses circumstances. 
Thornton v. Thornton, 328 S.C. 96, 492 S.E.2d 86 (1997); Kelley, 324 S.C. at 485-86, 477 S.E.2d at 729; Calvert v. Calvert, 287 S.C. 130, 138, 336 S.E.2d 884, 888 (Ct. App. 1985).  The burden is on the party seeking modification to show by a preponderance of evidence that a material change has occurred.  Kelley, 324 S.C. at 486, 477 S.E.2d at 729.  The mere fact that a supporting spouses salary or income has been reduced does not of itself require a reduction of . . . alimony[.]  Calvert, 287 S.C. at 138, 336 S.E.2d at 888-89.  A modification [in alimony] is not warranted absent a strong showing by [the paying spouse] that he is no longer in a condition to support his wife . . . as the family court prescribed.  Id. at 139, 336 S.E.2d at 889.
Initially, we note that the extent to which Husbands monthly income declined is difficult to decipher.  In the original order setting alimony at $750, the family court never specified the amount of monthly income it was using to determine Husbands obligation.  Rather, it noted the amount of monthly income Husband declared, $2,400, was lower than the monthly income he had received since 1998.  Instead of specifically imputing a monthly income to Husband, the family court acknowledged Husbands various incomes since 1998 and, perhaps more importantly, noted that once the marital residence was sold, Husband will be relieved of the obligation of making the mortgage payments for that residence which are now approximately $1,100 per month.  Additionally, the court explained Husband would no longer have to pay the parties $574 per month consumer credit counseling debt.  Based on Husbands superior, albeit unspecified, monthly income and the reduction in his expenses, the family court found Husband had the ability to pay Wife $750 per month in alimony.     
With no specific finding of Husbands monthly income in the initial order establishing alimony, Husband cannot contradict his previous financial declaration and argue his former income, which he listed as $2,400 per month, was actually $3,700 per month.  See Penny v. Green, 357 S.C. 583, 591, 594 S.E.2d 171, 175 (Ct. App. 2004) (A party cannot misrepresent income and expenses on a financial declaration . . . and then refute the accuracy of that document in a subsequent modification action.).
Even if we assume the $750 in alimony was based on a monthly income of $3,700, Husband failed to show a material change in circumstances.  At the modification hearing, Husbands gross monthly income still exceeded Wifes, and just as the family court had anticipated, Husband shed $1,674 in monthly obligations once the marital residence sold.  Despite the purported decline in wages of approximately $800 per month, Husbands pension income increased by approximately $100 per month.  He has since remarried, and not only enjoys the benefit of his present wifes income for sharing household bills, but is also allowed to live rent-free in his present wifes home.  Thus, even with a $750 per month alimony payment, Husbands net income exceeds his expenses by nearly $200. Husband therefore failed to make a strong showing he was no longer in a position to support Wife pursuant to the original order.  See Calvert, 287 S.C. at 138, 336 S.E.2d at 889.[3]  
Accordingly, we find the family erred in reducing Husbands alimony.  Instead, we order Husband to continue paying $750 per month to Wife as was originally ordered.  Because Wife was entitled to alimony during the pendency of this appeal, we remand this case back to the family court to determine the amount of past alimony due to Wife.
Wife next argues the family court erred in failing to order Husbands wages be withheld to meet his monthly alimony obligation.  We agree.  
In its order reducing alimony, the family court recognized that Husband had sometimes been late in paying Wife her alimony.  The family court believed the late payments reflected the difficulty Husband had in meeting his alimony obligation, and in light of its reduction in Husbands alimony, the family court declined to impose wage withholding.  Because of our reversal of the family courts reduction in alimony and Husbands history of tardy alimony payments, we find wage withholding appropriate.
CONCLUSION
Based on the foregoing, we find the family court erred in reducing Husbands alimony, and we reinstate his obligation to pay Wife $750 per month.  In order to determine the amount of past alimony due to Wife, we remand the issue to the family court.  Because we reverse the reduction in alimony and in light of Husbands history of making late alimony payments to Wife, we order Husbands wages be withheld to meet his monthly alimony obligation.  Accordingly, the order of the family court is
REVERSED AND REMANDED.
HEARN, C.J., and STILWELL and KITTREDGE, JJ., concur.

[1] Although never mentioned in his complaint, Husband also testified that he had suffered from a partial stroke and was beginning to receive medical bills from his hospital stay.  However, Husband also admitted he had returned to work at full capacity, and the family court judge did not mention Husbands medical bills as a reason he was reducing alimony.  
[2] Wife does not appeal from the award of attorneys fees.
[3] We also note that although Husband claims he cannot afford to pay Wife $750 per month, his financial declaration reflects that he pays over $800 per month in car expenses and $50 per month on a loan for his adult daughter.  Unwarranted debts, without more, are insufficient to establish changed circumstances or justify [a modification] in alimony.  Baker v. Baker, 286 S.C. 200, 203, 332 S.E.2d 550, 552 (Ct. App. 1985).